UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MICHAEL L. OVERTON,
CDCR #C-47370,

Plaintiff,

vs.

GAVIN NEWSOME, Governor, BORAD OF PRISON HRG., HD-COMM, SOCIAL SECURITY OFFICE, ADMINISTRATOR & PAYMENT OFFICE, VETERANS DOE,

Defendants.

Case No. 26-cv-6145-WQH-GC

**ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) AND DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)**

**[ECF No. 2]**

Plaintiff Michael L. Overton, a prisoner at Richard J. Donovan Correctional Facility ("RJD") in San Diego, is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. §§ 1983, 1997, and the Federal Tort Claims Act. (ECF No. 1 at 3.) Plaintiff's claims are far from clear, but he appears to allege he applied for benefits and was "approved," but he has yet to receive a "check." (*Id.* at 4.)

Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action at the time he filed his Complaint. Instead, the Court received a certified copy

of his RJD trust account statement for the six-months preceding the filing of this action, which the Court liberally construes as a request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.) But because Plaintiff has a decades-long history of filing frivolous suits and does not plausibly allege to be in imminent danger, the Court **DENIES** him leave to proceed IFP and **DISMISSES** his case.

## I. IFP MOTION

### A. Legal Standard

When someone files a lawsuit (other than a writ of habeas corpus) in a federal district court, the filer must pay a statutory fee of $350. *See* 28 U.S.C. § 1914(a).[1] Absent fee payment, the action may proceed only if the filer seeks and the court grants him leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007) ("*Cervantes*"). "All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.*

"To help staunch a 'flood of non-meritorious' prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (quoting *Jones v. Bock*, 549 U.S. 199, 203 (2007)). "That rule generally prevents a prisoner from bringing suit in forma pauperis (IFP)—that is, without first paying the filing fee—if he has had three or more prior suits 'dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted.'" *Id.* (quoting 28 U.S.C. § 1915(g)); *see also Ray v. Lara*, 31 F.4th 692, 697 (9th Cir. 2022).

When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial." *See Harris v. Mangum*, 863 F.3d

[1] The court charges an additional $55 administrative fee, but "[t]his fee does not apply to … persons granted *in forma pauperis* status under 28 U.S.C. § 1915." 28 U.S.C. § 1914 (Jud. Conf. Schedule of Fees, Dist. Ct. Misc. Fee Schedule § 14 (eff. Dec. 1, 2023); *see also* S.D. Cal. CivLR 4.5.a.

1133, 1142 (9th Cir. 2017) ("[I]t does not matter whether [plaintiff] might have stated a claim. What matters is that he did not do so."). The "central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). In other words, "[a] strike-call under Section 1915(g) [] hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect." *Lomax*, 140 S. Ct. at 1724–25.

"[T]o qualify as a strike for § 1915(g), a case as a whole, not just some of its individual claims, must be dismissed for a qualifying reason." *Hoffman v. Pulido,* 928 F.3d 1147, 1152 (9th Cir. 2019) (citing *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016)). "[I]f a case was not dismissed on one of the specific enumerated grounds, it does not count as a strike under § 1915(g)." *Harris v. Harris*, 935 F.3d 670, 673 (9th Cir. 2019). Once a prisoner accumulates three strikes, however, § 1915(g) precludes his ability to proceed IFP in any other civil actions or appeals in federal court unless he "makes a plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes,* 493 F.3d at 1051–52 (quoting 28 U.S.C. § 1915(g)).

**B. Analysis**

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, but "in some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). This is one of those instances. A review of both district court and appellate dockets publicly available on PACER show Plaintiff is no longer eligible to proceed IFP because while incarcerated, he has had at least a dozen prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Pursuant to Federal Rule of Evidence 201(b)(2), the Court may take judicial notice of the docket records in Plaintiff's prior cases. *See Andrews*, 398

F.3d at 1120; *United States v. Raygoza-Garcia,* 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER.").

The following records are sufficient to show Plaintiff has at least twelve qualifying strikes:

1. *Overton v. Stockton Valley S&L*, Case No. 2:04-cv-1874-MCE-DAD (E.D. Cal. Nov. 16, 2004) (Order and Findings & Recommendations [F&Rs] to dismiss civil action as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)) (ECF No. 8), *id.* (E.D. Cal. Dec. 15, 2004) (Order Adopting F&Rs) (ECF No. 12);

2. *Overton v. Assets of Decedent Debra Parchue by Way of Survivorship, et al.*, Case No. 3:05-cv-1704-L-JMA (S.D. Cal. Dec. 20, 2005) (Order Granting IFP and Dismissing Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A) (ECF No. 6);

3. *Overton v. Doe*, Case No. 5:08-cv-04272 JF (PR), 2009 WL 668755, at *2 (N.D. Cal. Mar. 13, 2009) (Order Dismissing civil action pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted) (ECF No. 10);

4. *Overton v. Warden, CMF Vacaville*, Case No. 2:11-cv-1646 LKK JFM, 2012 WL 1607833, at *2 (E.D. Cal. May 8, 2012) (Order and F&Rs to Dismiss civil action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)) (ECF No. 15); *id.*, (E.D. Cal. June 21, 2012) (Order Adopting F&Rs) (ECF No. 16);

5. *Overton v. Warden, CMC, et al.*, Case No. 2:13-cv-1588-UA-VBK (C.D. Cal. March 21, 2013) (Order Denying IFP and Dismissing Complaint without leave to amend as frivolous, malicious or for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)) (ECF No. 6 at 1–4);

6. *Overton v. Doe, et al.*, Case No. 2:14-cv-1110-UA-VBK (C.D. Cal. Feb. 27, 2014) (Order Denying IFP and Dismissing Complaint without leave to amend as frivolous and for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)) (ECF No. 6 at 1–3);

7. *Overton v. Atascadero State Hosp.*, Case No. 2:16-cv-8958-R-JPR (C.D. Cal. Dec. 7, 2016) (Order Denying IFP and Dismissing civil action without

leave to amend as frivolous and for failing to state a claim) (ECF No. 8);

8. *Overton v. Warden, et al.*, Appeal No. 16-56122 (9th Cir. Nov. 13, 2017) (Order Denying Motion to proceed IFP and Dismissing appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)) (DktEntry9);

9. *Overton v. Oakland Raiders Association*, Case No. 3:17-cv-6917-CRB (N.D. Cal. Jan. 22, 2018) (Order of Dismissal of case pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim) (ECF No. 9);

10. *Overton v. CMF*, Case No. 2:18-cv-0217 KJN P, 2018 WL 1015232, at *2 (E.D. Cal. Feb. 22, 2018) (Order & F&Rs to Dismiss civil action as legally frivolous pursuant to 28 U.S.C. § 1915A) (ECF No. 13); *id.*, (E.D. Cal. Aug. 23, 2018) (Order Adopting F&Rs) (ECF No. 18);

11. *Overton v. CA Health Care Facility*, Case No. 2:18-cv-2551-DMC, 2019 WL 2026497, at *4 (E.D. Cal. May 8, 2019) (Order Dismissing First Amended Complaint with leave to amend for failing to state a claim pursuant to 28 U.S.C. § 1915A) (ECF No. 12); *id.*, (E.D. Cal. June 25, 2019) (F&Rs to Dismiss for failure to amend and/or prosecute) (ECF No. 15); *id.*, (E.D. Cal. Aug. 8, 2019) (Order Adopting F&Rs and dismissing civil action) (ECF No. 16);[2] and

12. *Overton v. Ash-Exec-Dir.,* Case No. 2:18-cv-2915 KJM DMC (E.D. Cal. May 21, 2019) (F&Rs to Dismiss First Amended Complaint with prejudice as legally and factually frivolous) (ECF No. 10); *id.*, (E.D. Cal. Aug. 20, 2019) (Order Adopting F&Rs and Dismissing action with prejudice) (ECF No. 12).

Because Plaintiff accumulated these prior strike dismissals while incarcerated, he may not proceed IFP in this case unless he meets § 1915(g)'s "imminent danger"

---

[2] *See Harris*, 863 F.3d at 1142 (finding that a failure to amend does "not negate the determination already made by the Court that the complaint [plaintiff] had filed . . . failed to state a claim."). "A prisoner may not avoid incurring strikes simply by declining to take advantage of [an] opportunit[y] to amend." *Id.* at 1143.

exception.[3] To do so, his pleadings must contain a "plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Imminent danger requires plausible allegations of harm "ready to take place," or "hanging threateningly over one's head," *id.* at 1056, and must also "stem[] from the violations of law alleged in [the] complaint." *Ray*, 31 F.4th at 701. The exception "functions as a limited safety valve," *id.*, but it "cannot be triggered solely by complaints of past injury or generalized fears of possible future harm." *Hernandez v. Williams*, No. 21-cv-0347-MMA-KSC, 2021 WL 1317376, at *2 (S.D. Cal. Apr. 8, 2021).

Plaintiff has failed to show he faces "imminent danger of serious physical injury." Instead, he alleges he has been denied benefits from Veteran Affairs. (*See* ECF No. 1 at 4.) A mere allegation of financial loss does not satisfy the imminent danger exception. *See e.g., Valentine v. USP Victorville*, No. 5:25-cv-03050-SVW-JDE, 2026 WL 194574, at *2 (C.D. Cal. Jan. 23, 2026) (finding Federal Tort Claims Act suit barred by § 1915(g)); *Braley v. Hicks*, No. 1:23-cv-0206-JLT-SAB PC, 2023 WL 4089118, at *1 (E.D. Cal. June 20, 2023) (finding prisoner's allegations "address[ing] the loss of personal property" did not satisfy the "'imminent danger of serious physical injury' exception to Section 1915(g)"). Accordingly, Plaintiff has accumulated more than three "strikes" as defined by § 1915(g), and he fails to make a "plausible allegation" he faced imminent danger of serious physical injury at the time of filing. *See Cervantes*, 493 F.3d at 1055.

Therefore, the Court finds Plaintiff is not entitled the privilege to proceed IFP in this

---

[3] In fact, Plaintiff's vexatiousness has resulted in a § 1915(g) restriction in the Central District of California as well. *See Overton v. Warden*, No. 25-cv-0026 AC P, 2025 WL 81951, at *2 (E.D. Cal. Jan. 13, 2025) (Order and F&Rs to Deny IFP as barred by 28 U.S.C. § 1915(g)) (ECF No. 3), *report and recommendation adopted,* 2025 WL 958183 (E.D. Cal. Mar. 31, 2025) (ECF No. 7). He has also been denied leave to proceed IFP in this Court under 28 U.S.C. § 1915(g) with respect to a complaint containing frivolous allegations grounded in delusion. *See Overton v. Warden*, No. 25cv2584-BTM-VET (S.D. Cal. Dec. 12, 2025) (Order denying IFP as barred by 28 U.S.C. § 1915(g)) (ECF No. 3).

case. *See Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984). Because he did not pay the full $405 statutory and administrative filing fee required by 28 U.S.C. § 1914(a), his litigation history precludes IFP status, and he does not plausibly allege he faced any imminent danger at the time he filed his Complaint, Plaintiff's suit must be dismissed.

## II. CONCLUSION

Accordingly, the Court: (1) **DENIES** Plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(g) (ECF No. 2); (2) **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the full $405 civil filing fee required by 28 U.S.C. § 1914(a); (3) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and (4) **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and to close the file.

**IT IS SO ORDERED**.

Dated: 11/16/2026

William Q. Hayes

Hon. William Q. Hayes
United States District Court